FILED
SEP 17 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT E. LACY, | CASE NO. 13cv416-WQH-BGS |
| Plaintiff, | ORDER |
| vs. | |
| DAVID BRINKMAN; BILL QUINN, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Proceed In Forma Pauperis (ECF No. 2).

## BACKGROUND

On February 21, 2013, Plaintiff Dwight E. Lacy, proceeding pro se, initiated this action by filing a Complaint (ECF No. 1) and a Motion to Proceed In Forma Pauperis (ECF No. 2).

## MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit in support of the motion, Plaintiff states that he is unemployed,

1  he receives Social Security payments of $834 per month, he has $67 in a checking
2  account, he owes $754 each month in regular expenses, he owes $20,000 in debts, and
3  he does not own real estate, an automobile or any other valuable property. (ECF No.
4  2 at 1-2). The Court concludes that Plaintiff is entitled to proceed in forma pauperis.

## INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

6  After granting in forma pauperis status, a Court must dismiss a complaint sua
7  sponte if the complaint "fails to state a claim on which relief may be granted." 28
8  U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).
9  In addition, "[i]f the court determines at anytime that it lacks subject-matter
10 jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).
11 The standard used to evaluate whether a complaint states a claim is a liberal one,
12 particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97,
13 97 (1976). However, even a "liberal interpretation ... may not supply elements of the
14 claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673
15 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure."
16 *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8
17 provides that "[a] pleading that states a claim for relief must contain ... a short and plain
18 statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P.
19 8(a). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief
20 requires more than labels and conclusions, and a formulaic recitation of the elements
21 of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
22 (quotation omitted).
23 Federal courts—unlike state courts—are courts of limited jurisdiction and lack
24 inherent or general subject matter jurisdiction. Federal courts can only adjudicate those
25 cases in which the United States Constitution and Congress authorize them to
26 adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In the
27 federal courts, subject matter jurisdiction may arise from either "federal question
28 jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

(1987); *see also* 28 U.S.C. §§ 1331-32. To invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... [or] citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a). To invoke federal question jurisdiction, the complaint must allege that the "action[] aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The sole basis for subject matter jurisdiction alleged in the Complaint is pursuant to 42 U.S.C. § 1985.[1] Section 1985 provides a civil remedy for conspiracies to deprive a person or class of persons of equal protection of the laws or of equal privileges and immunities. *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983). To satisfy the second element of a § 1985(3) claim, a plaintiff must allege not only deprivation of a legally protected right, but that such deprivation was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting *Griffin*, 403 U.S. at 102) (quotation omitted).

The Complaint fails to allege that Plaintiff was deprived "of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *RK Ventures, Inc.*, 307 F.3d at 1056 (quotation

---

[1] The Complaint also cites 28 U.S.C. § 1343(a), which provides that "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person" pursuant to 42 U.S.C. § 1985. 28 U.S.C. § 1343(a)(1).

omitted). Accordingly, the Complaint fails to adequately state a claim for violation of § 1985(3). Pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is dismissed for failure to state a claim and for lack of subject matter jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Proceed In Forma Pauperis is GRANTED. (ECF No. 2). The Complaint is DISMISSED without prejudice and the Clerk of the Court shall close this case. No later than THIRTY (30) DAYS from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure and adequately allege a basis for subject-matter jurisdiction. If Plaintiff does not file a first amended complaint within thirty days, the case shall remain closed without further order of the Court.

Dated: 9/16/13

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE